IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID ZIVKOVIC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KIMBERLY HOOD AND ROBERT JOHNSON,<br><br>　　　　Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:17-cv-00067-DN-PMW<br><br>District Judge David Nuffer<br>Chief Magistrate Judge Paul M. Warner |

　　　　Chief District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court permitted Plaintiff David Zivkovic ("Plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[2] Before the court is Plaintiff's motion for service of process on Defendants Kimberly Hood and Robert Johnson.[3]

　　　　When a case is proceeding under the IFP statute, officers of the court are required to issue and serve all process and perform all duties related to service of process. 28 U.S.C. § 1915(d). At the same time, the IFP statute requires the court to screen the complaint in such a case to determine whether it should be served upon the named defendants or dismissed. 28 U.S.C. § 1915(e)(2)(B). In this case, the court has not yet completed that screening process and, consequently, has not yet made a determination about whether Plaintiff's complaint should indeed be served on the named defendants. For that reason, Plaintiff's motion for service of process is unnecessary and is **DENIED** at this time. As indicated above, the court will screen

---

[1] Dkt. No. 4.
[2] Dkt. No. 2.
[3] Dkt. No. 5.

Plaintiff's complaint and determine whether it should be served on the named defendants. It is unnecessary for Plaintiff to take any action to trigger that process.

**IT IS SO ORDERED.**

DATED this 1st Day of February 2017.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge