IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID ZIVKOVIC,<br><br>　　　　　Plaintiff,<br>v.<br><br>KIMBERLY HOOD and ROBERT JOHNSON,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO [6] MEMORANDUM DECISION**<br><br>Case No. 2:17-cv-0067 DN<br><br>District Judge David Nuffer |

　　　　Plaintiff David Zivkovic purportedly[1] objects to the Memorandum Decision[2] which denied Zivkovic's Motion for Official Service of Process (Motion)[3] and informed Zivkovic that there was no need for a motion because "the court will screen [his] complaint and determine whether it should be served on the named defendants."[4] In his lodged email, Zivkovic states numerous objections.[5]

　　　　Federal Rule of Civil Procedure 72 requires parties to file any objections to a magistrate decision within 14 days.

　　　　Judge Warner entered his decision on February 1, 2017. Zivkovic emailed his response February 22, 2017. Zivkovic's emailed objections are late and should not be considered.

---

[1] Zivkovic did not file his objections through the court's docketing system. Instead, he sent an email to the chambers' email address. It has since been lodged as docket no. 7.

[2] Docket no. 6, entered February 1, 2017.

[3] Docket no. 5, filed January 27, 2017.

[4] *Id.* at 1–2.

[5] Docket no. 7

In addition, Zivkovic's "objections" were not filed. Email is not a proper method to present issues for decision.

But even if considered, Zivkovic's objections are meritless.

First, Zivkovic argues that because he had not consented to a magistrate under 28 U.S.C. § 636(c), Magistrate Judge Warner improperly decided the Motion. However, under General Order 11-001,[6] magistrate judges are included in civil case assignments when the civil case is opened: "Cases so assigned shall be deemed to be assigned to the Chief Judge and referred to the magistrate judge for the exercise of all authority under 28 U.S.C. 636(b)." And, contrary to Zivkovic's argument, 28 U.S.C. 636(b) applies to both civil and criminal cases.

Second, Zivkovic argues that Judge Warner is not authorized by 28 U.S.C. § 1915 to screen his complaint prior to service because Zivkovic is not a prisoner.

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding in forma pauperis (IFP). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim.

Section 1915(e)(2)(B) screening is not limited to prisoner litigation. Section 1915(e)(2)(B) directs the court to screen any case where the plaintiff is proceeding IFP.[7] Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service

---

[6] Found at www.utd.uscourts.gov/documents/genorder_11-001.pdf.

[7] *See, e.g.*, *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); *Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) (unpublished) (applying 28 U.S.C. § 1915(e)(2)(B)(ii) to a non-prisoner IFP case); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners . . . .").

on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[8]

Therefore, Judge Warner is authorized under 28 U.S.C. § 1915 to screen Zivkovic's complaint prior to effecting service.

## ORDER

IT IS HEREBY ORDERED that lodged email objections[9] are OVERRULED.

Signed February 27, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[8] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status." (emphasis in original)).

[9] Docket no. 7, filed February 22, 2017.