IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID ZIVKOVIC,<br><br>        Plaintiff,<br><br>v.<br><br>KIMBERLY HOOD AND ROBERT JOHNSON,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00067-DN-PMW<br><br><br>District Judge David Nuffer |

Before the court is Plaintiff David Zivkovic's Motion for Preliminary Injunction or Restraining Order.[1] Having reviewed Zivkovic's brief and the relevant law, the Motion is DENIED.

## BACKGROUND

On January 26, 2017, Zivkovic filed the above captioned lawsuit alleging several causes of action in relation to the garnishment of his income tax returns.[2] Zivkovic alleges that Defendant Kimberly Hood, in her capacity as Executive Director of the Utah Department of Administrative Services, and Defendant Robert Johnson, in his capacity as the Manager of the Utah Office of State Debt Collection (collectively "defendants"), have improperly garnished Plaintiff's tax returns to satisfy a state criminal restitution order.[3]

On January 27, 2017, Zivkovic motioned official service of process pursuant to 28 U.S.C. § 1915(d).[4] Pursuant to 28 U.S.C. § 1915(e)(2)(B), Chief Magistrate Judge Paul M. Warner

---

[1] Docket no. 9, filed March 8, 2017.
[2] Docket no. 3, filed January 26, 2017.
[3] *Id.* at 2.
[4] Motion for Official Service of Process, docket no. 5, filed January 27, 2017.

denied Zivkovic's motion until the court could screen Zivkovic's complaint.[5] Subsequently, over

Zivkovic's objections, the court affirmed Chief Magistrate Judge Warner's denial of service.[6]

On March 8, 2017, Zivkovic filed a Motion for a Preliminary Injunction or Restraining

Order.[7] Zivkovic's motion requests that the court enter an ex parte Temporary Restraining Order

or Preliminary Injunction enjoining Defendants from "garnishment and/or confiscation of

[Plaintiff's] 2016 state income tax refund."[8]

## DISCUSSION

At the outset, the court recognizes that Zivkovic is proceeding pro se.[9] Therefore, the

court will "construe his pleadings liberally and hold the pleadings to a less stringent standard

than formal pleadings drafted by lawyers."[10]  However, Zivkovic's pro se status does not

discharge him from complying with the court's rules and procedures, and the court will not

assume an advocacy role on Zivkovic's behalf.[11]

Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order or

preliminary injunction may issue if the court finds:

> (1) [a] substantial likelihood that the movant will eventually prevail on the merits;
> (2) a showing that the movant will suffer irreparable injury unless the injunction
> issues; (3) proof that the threatened injury to the movant outweighs whatever
> damage the proposed injunction may cause the opposing party; and (4) a showing
> that the injunction, if issued, would not be adverse to the public interest.[12]

---

[5] Memorandum Decision, docket no. 6, entered February 1, 2017.

[6] Memorandum Decision and Order Overruling Plaintiff's Objections to [6] Memorandum Decision, docket no. 8, entered February 27, 2017.

[7] Motion for Preliminary Injunction or Restraining Order, docket no. 9, filed March 8, 2017.

[8] *Id.*

[9] *See* docket no. 2 and docket no. 3.

[10] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citations omitted).

[11] *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting that the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants" (quotations and citations omitted)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

[12] *Hartford House, Ltd. v. Hallmark Cards, Inc.*, 846 F.2d 1268, 1270 (10th Cir. 1988) (quotations and citations omitted).

The moving party has the "burden to establish that each of these factors tips in his or her favor."[13] Importantly, a "preliminary injunction is an extraordinary remedy," which should be treated as "the exception rather than the rule."[14]

Zivkovic's scant motion makes no attempt to satisfy Rule 65. For example, apart from conclusory allegations, Zivkovic offers no argument that he is likely to succeed on the merits or that his threatened injury outweighs any harm Defendants might suffer should the court issue an injunction.

Zivkovic's imprecise pleadings aside, the court finds that Zivkovic's motion fails to assert that he is likely to suffer irreparable harm. Zivkovic argues that he will suffer irreparable harm of "loss of income" if the court does not immediately enjoin the Defendants from garnishing his 2016 income tax return.[15] "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."[16] "[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."[17] Moreover, it is "well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm . . . ."[18]

For example, in *Arnett v. Howard*,[19] a filmmaker motioned for a temporary restraining order and preliminary injunction to prevent an author from "selling, distributing, or exhibiting the film, audio book, or television commercial" until his lawsuit against the author had been resolved. This court denied the filmmaker's request for a preliminary injunction, holding:

---

[13] *Heidman v. South Salt Lake City*, 348 F.3d 1182, 1188–89 (10th Cir. 2003).
[14] *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888 (10th Cir. 1989) (citations omitted).
[15] *Id.*
[16] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (citations omitted).
[17] *Heideman*, 348 F.3d at 1189 (emphasis in original) (citations omitted).
[18] *Id.*
[19] No. 2:13-cv-591, 2014 WL 1165851, at *6 (D. Utah Mar. 21, 2014).

"[p]laintiff seeks only monetary damages and does not allege a harm that cannot be compensated after trial by monetary damages."[20]

Similarly, in *Port City Properties v. Union Pacific Railroad Company*,[21] the plaintiff brought suit against Union Pacific Railroad for ceasing a rail service to the plaintiff's commercial warehouse. The plaintiff sought a preliminary injunction enjoining Union Pacific Railroad from "ceasing rail operations servicing his warehouse and from informing others that [the plaintiff] could not receive shipments by rail."[22] The district court denied the plaintiff's motion for preliminary injunction and the Tenth Circuit affirmed.[23] The Tenth Circuit agreed with the district court that the plaintiff's loss of business could "be compensated in money damages" and, therefore, the plaintiff had failed to demonstrate irreparable harm.[24]

Just as in *Arnett* and *Port City Properties*, any loss Zivkovic allegedly suffered as the result of the garnishment of his 2016 income tax returns can be compensated through money damages. Zivkovic may be entitled to monetary relief if Defendants have improperly garnished or continue to garnish his tax returns. Accordingly, Zivkovic has failed to carry his burden to show he is entitled to injunctive relief. His Motion for Preliminary Injunction or Restraining Order is denied.

---

[20] *Id.* at *7.
[21] 518 F.3d 1186, 1187 (10th Cir. 2008).
[22] *Id.*
[23] *Id.* at 1187, 1190.
[24] *Id.* at 1190.

## ORDER

Based on the foregoing, Plaintiff's Motion for Preliminary Injunction or Restraining Order[25] is DENIED.

Dated March 13, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[25] Motion for Preliminary Injunction or Restraining Order, docket no. 9, filed March 8, 2017