IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID ZIVKOVIC,<br><br>              Plaintiff,<br>v.<br><br>KIMBERLY HOOD and ROBERT JOHNSON,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING [12] REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-00067<br><br>District Judge David Nuffer |

The Report and Recommendation[1] issued by United States Chief Magistrate Judge Warner on April 4, 2017, recommends that "Plaintiff's complaint be dismissed with prejudice for lack of subject matter jurisdiction."[2]

The parties were notified of their right to file objections to the Report and Recommendation within 14 days of service pursuant to [28 U.S.C. § 636](#) and [Fed. R. Civ. P. 72](#). On April 17, 2017, plaintiff David Zivkovic objected to the Report and Recommendation.[3]

De novo review of all materials, including the record that was before the magistrate judge and the reasoning set forth in the Report and Recommendation, has been completed. The analysis and conclusion of the magistrate judge are correct and the Report and Recommendation will be ADOPTED for the reasons stated below.

---

[1] [Docket no. 12](#), entered April 4, 2017.

[2] *Id.* at 5.

[3] Objection to Magistrate Judge Report and Recommendation (Objection), [docket no. 16](#), filed April 17, 2017.

## BACKGROUND

Zivkovic filed his Complaint[4] on January 26, 2017. In the Complaint, Zivkovic states that "[t]his issue stems from restitution ordered in Plaintiff's criminal sentence."[5] Zivkovic then provides the state court criminal case number and the terms and amount of the restitution.[6] Zivkovic alleges that the victim in that case was compensated for the adjudged loss "by their insurance company/underwriter."[7] Zivkovic alleges that he made "regular monthly restitution payments of $100.00 to the Utah Dept. of Corrections" from 1998 to 2003.[8] Zivkovic alleges that his "state[] income tax returns for [1998–2003] were confiscated by the [Department of Corrections] . . . for an approximate amount totaling: $9,000."[9] After 2003, Zivkovic alleges, he moved to Idaho where he continued making "monthly restitution payments to the Utah DOC."[10]

Zivkovic brings numerous causes of action against defendant Kimberly Hood, in her capacity as Executive Director of the Utah Department of Administrative Services, and defendant Robert Johnson, in his capacity as the Manager of the Utah Office of State Debt Collection (collectively ("defendants").[11] Zivkovic alleges that defendants improperly garnished his tax returns to satisfy the state-court judgment.[12]

---

[4] [Docket no. 3](#), filed January 26, 2017.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 2–3.

[12] *Id.*

After filing the Complaint, Zivkovic filed a Motion for Service of Process[13] and a Motion for Preliminary Injunction.[14] Both were denied.[15] In the Memorandum Decision denying the Motion for Service of Process, Chief Magistrate Judge Warner stated that the *in forma pauperis* "statute requires the court to screen the complaint in such a case to determine whether it should be served upon the named defendants or dismissed . . . . [T]he court will screen Plaintiff's complaint and determine whether it should be served on the named defendants."[16] Chief Magistrate Judge Warner makes this determination in the Report and Recommendation.

## DISCUSSION

When the plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2) authorizes a district court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."

Zivkovic's action "fails to state a claim on which relief may be granted"[17] because it seeks appellate review of his state-court judgment.

According to the *Rooker–Feldman*[18] doctrine, a "United States District Court has no authority to review final judgments of a state court in judicial proceedings."[19] "[B]arred claims are those complaining of injuries caused by state-court judgments . . . . In other words, an element of the claim must be that the state court wrongfully entered its judgment."[20] If "the

---

[13] Motion for Official Service of Process, docket no. 5, January 27, 2017.

[14] Motion for Preliminary Injunction or Restraining Order, docket no. 9, filed March 8, 2017.

[15] Memorandum Decision denying [5] Motion for Service of Process, docket no. 6, entered February 1, 2017; Memorandum Decision and Order denying [9], docket no. 10, entered March 13, 2017.

[16] Memorandum Decision denying [5] Motion for Service of Process at 1–2.

[17] 18 U.S.C. § 1915(e)(2)(B)(ii).

[18] Its name derived from two Supreme Court Cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[19] *Feldman*, 460 U.S. at 482.

[20] *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012).

merits of [the] claim cannot be stated except in terms of the state-court judgment," then the action is barred.[21] That is, "[t]he alleged constitutional wrong was the content of the judgment. It was not, for example, some act by a defendant that led to the judgment."[22]

For Zivkovic's causes of action, the state-court judgment is central to his claims: The "merits of [the] claim cannot be stated except in terms of the state-court judgment."[23] Contrary to the argument in his Objection,[24] Zivkovic's causes of action would not exist independent of the state-court judgment. Zivkovic counters that the *Rooker–Feldman* doctrine does not apply because there is no indication in his complaint that the defendants were acting under any authority, let alone a restitution order.[25] The complaint, however, states in the first cause of action that "[d]efendants Hood, and Johnson are listed on [the notice from the Office of State Debt Collection Services] along with account information as: Corrections – District 1 account# 951000011 see ¶ D (1) supra, same criminal case #."[26] And in his description of the nature of the case, Zivkovic acknowledges that "[t]his issue stems from restitution ordered in Plaintiff's criminal sentence; case# 951000011, entered by Judge Gordon Lowe in the 1st District Court, Logan, UT on August 17, 1995, for a conviction of 2nd degree, felony theft."[27]

Zivkovic also argues that the Report and Recommendation improperly referred to *Campbell v. City of Spencer*.[28] He argues that *Bolden v. City of Topeka*[29] is more appropriate. In

---

[21] *Id.* at 1285.

[22] *Id.*

[23] *Id.*

[24] Objections at 1–3.

[25] *Id.* at 1–2.

[26] Complaint at 3 (punctuation altered).

[27] *Id.* at 2.

[28] Objection at 2.

[29] 441 F.3d 1129 (10th Cir. 2006).

*Bolden*, plaintiff Bolden "attempt[ed] in state court to enjoin demolition of his buildings."[30] He lost in state court.[31] He then "sought an injunction in federal court and [brought] claims against the City and several individuals arising out of the demolitions."[32] The court determined that *Rooker–Feldman* did not apply because

> Bolden's federal suit did not seek to overturn the state-court judgment. Indeed, the allegations underlying his federal-court claims are identical to what they would have been had there been no state-court proceeding; none of his claims rests on allegations that the state-court proceedings are judgment violated federal law, or that the judgment itself inflicted an injury.

In other words, the court held that *Rooker–Feldman* did not apply because the federal court could consider the merits of Bolden's claims

> without concerning itself with the bona fides of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court), it is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment.[33]

Unlike *Bolden*, this court would be conducting appellate review of Zivkovic's state-court judgment because it would necessarily have to "concern[] itself with the bona fides of the prior judgment."[34]

Though, as Zivkovic argues, the facts of his case and *Campbell* are "quite distinguishable,"[35] the procedural circumstances are not. The plaintiff in *Campbell* was the loser in a state-court action: "two municipalities successfully petitioned a state court to order forfeiture of the [plaintiff's] horses unless [the plaintiff] posted a security bond to pay for their

---

[30] *Id.* at 1131.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 1143.

[34] *Id.*

[35] Objection at 2.

maintenance from the date of seizure."[36] The plaintiff then "filed an action under 42 U.S.C. § 1983 in federal court" against the municipalities "alleging that they . . . violated the Fifth Amendment by depriving her of her horses without due process or just compensation, and violated the Eighth Amendment by obtaining an excessive fine through an unreasonable forfeiture bond."[37] The court found that the "merits of [these] claim[s] cannot be stated except in terms of the state-court judgment."[38]

Zivkovic case is similar to *Campbell*. The merits of the state-court judgment are at the heart of his litigation. Therefore, the *Rooker–Feldman* doctrine precludes jurisdiction.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[39] is ADOPTED and the above-captioned matter is DISMISSED with prejudice.

The Clerk shall CLOSE this case.


Signed April 19, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[36] *Campbell*, 682 F.3d at 1279.

[37] *Id.* at 1279.

[38] *Id.* at 1285.

[39] Docket no. 12, entered April 4, 2017.